**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA,      § | |
|     Plaintiff/Respondent,      § | |
| § | |
| V.      § | CR. No. C-08-145 |
| § | C.A. No. C-09-143 |
| ROMAN RODRIGUEZ, JR.      § | |
| a.k.a. Eduardo Abel Perez-Rubio,      § | |
|     Defendant/Movant.      § | |

**MEMORANDUM OPINION AND ORDER DENYING MOTION
TO VACATE, SET ASIDE OR CORRECT SENTENCE,
AND ORDER DENYING CERTIFICATE OF APPEALABILITY**

Pending before the Court is the motion of Roman Rodriguez, Jr., a.k.a. Eduardo Abel Perez-Rubio's ("Perez" or "Defendant"),[1] seeking to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255 (D.E. 35),[2] which was received by the Clerk on June 19, 2009. The Court concludes that it is not necessary to order a government response because "it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief." Rule 4(b) of the RULES GOVERNING SECTION 2255 PROCEEDINGS FOR THE UNITED STATES DISTRICT COURTS. As discussed in more detail herein, the Court DENIES Perez's motion because the sole claim raised therein fails on the

---

[1] The Court found at sentencing that Defendant's true name is Eduardo Abel Perez-Rubio. The alias name Defendant he gave to agents at the Border Patrol Checkpoint and to the United States Magistrate Judge in this case was Roman Rodriguez, Jr. The Court utilizes Defendant's true name herein.

[2] Dockets entries refer to the criminal case, C-08-cr-145.

1

plain record before the Court. Additionally, the Court DENIES Perez a Certificate of Appealability.

## I.  JURISDICTION

The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331.

## II.  FACTS AND PROCEEDINGS

On March 13, 2008, Perez was charged in a two-count indictment with: (1) bringing in and harboring illegal aliens, in violation of 8 U.S.C. § 1324 ("Count One"); and (2) illegal reentry after deportation, in violation of 8 U.S.C. §§ 1326(a) and 1326(b) ("Count Two"). (D.E. 11).  He pleaded guilty to the illegal reentry charge in exchange for the dismissal of Count One and a recommendation by the government that he be given maximum credit for acceptance of responsibility and recommendation that he be sentenced within the applicable guideline range. (D.E. 22; 23.)  At the conclusion of the rearraignment, the Court ordered that a Presentence Investigation Report ("PSR") be prepared.

The PSR calculated Perez's base offense level as an 8.  (PSR at ¶ 18.)  It then added 8 levels pursuant to U.S.S.G. § 2L1.2(b)(1)(C)(I), finding that his prior conviction for felony theft of property, in Case # CR-2154-01-I in Hidalgo County, Texas, constituted an "aggravated felony" within the meaning of the applicable guideline. (PSR at ¶¶ 19, 32.) The PSR also found that Perez engaged in conduct that amounted to an obstruction of justice. According to the PSR, this conduct not only warranted a two-level enhancement for obstruction, but also precluded Perez from receiving any credit for acceptance of

responsibility. (PSR at ¶¶ 13, 14, 22-27.)  The PSR therefore calculated his total offense level as an 18.  When coupled with his criminal history category of VI, Perez's advisory guideline range was 57 to 71 months.  (PSR at ¶ 54.)  Perez, by and through his appointed counsel, Assistant Federal Public Defender Gerardo Carlos Flores, objected to the PSR on two grounds.  First, he contended that his prior theft conviction resulted only in a six-month sentence and thus did not qualify as an aggravated felony.  (D.E. 28.)  In fact, Perez was originally sentenced to 2 years imprisonment for that conviction, suspended for 3 years probation.  When his probation was later revoked, he was sentenced to 6 months confinement.  (PSR at ¶ 32.)  Second, Perez objected to the PSR's refusal to give him credit for acceptance of responsibility. (D.E. 28.)

On July 10, 2008, the case was called for sentencing.  At sentencing, the Court heard from counsel again as to both objections.  The Court overruled the objection to the aggravated felony enhancement, concluding that the enhancement was proper because Perez had been sentenced to 2 years imprisonment for that conviction, even though the sentence was suspended. (Digital Recording of Sentencing ("S. Rec.") at 10:54.)  The Court sustained the objection to the lack of acceptance credit, however, finding that Perez was entitled to a 3-level adjustment for acceptance. (S. Rec. at 11:03-11:04) His resulting advisory guideline range was 41 to 51 months.

The Court sentenced Perez to 48 months in the custody of the Bureau of Prisons, to be followed by a three-year supervised release term.  (D.E. 29, 30.)  The Court also imposed

a $100 special assessment. (D.E. 29, 30.) Judgment in his criminal case was entered on July 14, 2008. (D.E. 30.)  Perez did not appeal.

As noted, Perez's § 2255 motion was received by the Clerk on June 19, 2009. It is timely. In it, Perez lists only a single ground for relief. Specifically, he contends that he was denied effective assistance of counsel at sentencing because his counsel failed to raise an objection to the aggravated felony enhancement on the grounds that his theft involved an amount less than $10,000. Specifically, he claims that his theft conviction involved a four-wheel all-terrain vehicle worth less than $ 4,000,[3] and that a theft is not an aggravated felony unless it "involves fraud or deceit in which the loss to the victim exceeds $10,000." (D.E. 37, Supp. Mem. at 2 (citing to 8 U.S.C. § 1101(a)(43).)  He asks to be resentenced "in the 15-21 month USSG range promptly." (D.E. 36 at 8.)

### III. DISCUSSION

**A.    28 U.S.C. § 2255**

There are four cognizable grounds upon which a federal prisoner may move to vacate, set aside or correct his sentence: (1) constitutional issues, (2) challenges to the district court's jurisdiction to impose the sentence, (3) challenges to the length of a sentence in excess of the statutory maximum, and (4) claims that the sentence is otherwise subject to collateral attack. 28 U.S.C. § 2255; United States v. Placente, 81 F.3d 555, 558 (5th Cir. 1996). "Relief under

---

[3] He also attaches a number of documents in support of his factual contention, which the Court has reviewed and considered.

28 U.S.C. § 2255 is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice." United States v. Vaughn, 955 F.2d 367, 368 (5th Cir. 1992). "[A] collateral challenge may not do service for an appeal." United States v. Frady, 456 U.S. 152, 165 (1982).

**B.    Ineffective Assistance of Counsel at Sentencing**

   **1.    General Standards**

An ineffective assistance of counsel claim is properly analyzed under the two-prong analysis set forth in Strickland v. Washington, 466 U.S. 668 (1984). United States v. Willis, 273 F.3d 592, 598 (5th Cir. 2001). To prevail on a claim of ineffective assistance of counsel, a movant must demonstrate that his counsel's performance was both deficient and prejudicial. Id. This means that a movant must show that counsel's performance was outside the broad range of what is considered reasonable assistance and that this deficient performance led to an unfair and unreliable conviction and sentence. United States v. Dovalina, 262 F.3d 472, 474-75 (5th Cir. 2001). To establish prejudice as a result of an alleged error at sentencing, a § 2255 movant must show that there is a reasonable probability that, but for counsel's alleged error, the sentencing would have been different. See United States v. Phillips, 210 F.3d 345, 350 (5th Cir. 2000). This requires him to show a reasonable probability that he would have received a lesser sentence. United States v. Grammas, 376 F.3d 433, 438-39 (5th Cir. 2004).

If the movant fails to prove one prong, it is not necessary to analyze the other. Armstead v. Scott, 37 F.3d 202, 210 (5th Cir. 1994) ("A court need not address both components of the inquiry if the defendant makes an insufficient showing on one"); Carter v. Johnson, 131 F.3d 452, 463 (5th Cir. 1997) ("Failure to prove either deficient performance or actual prejudice is fatal to an ineffective assistance claim.").

Perez's claim fails because he cannot show either deficiency or prejudice. Even assuming his factual premise is true, and that the theft involved property worth approximately $3,749, the conviction still qualified as an aggravated felony, as discussed herein.

As noted, Perez's prior theft conviction was treated in the PSR (and by the Court at sentencing) as an "aggravated felony." That term is defined in the guideline commentary by reference to 8 U.S.C. § 1101(a)(43). U.S.S.G. § 2L1.2, appl. note 3(A) ("'aggravated felony' has the meaning given that term in section 101(a)(43) of the Immigration and Nationality Act (8 U.S.C. § 1101(a)(43) ..."). The statute, 8 U.S.C. § 1101(a)(43) lists a number of different offenses that qualify as aggravated felonies. Some of these include dollar amounts. The one that Perez seems to be referring to is subsection (M)(i), which lists as an aggravated felony "an offense that involves fraud or deceit in which the loss to the victim or victims exceeds $10,000." 8 U.S.C. § 1101(a)(43)(M). This subsection appears to be a generic sort of category intended to encompass offenses not expressly listed elsewhere in the statute.

Perez's prior offense, however, was for theft. Theft is expressly listed as an

6

aggravated felony offense, however, and requires no minimum monetary amount. 8 U.S.C. § 1101(a)(43)(G). Specifically, subsection (G) of the statute states that the term "aggravated felony" includes ... "a theft offense (including receipt of stolen property) or burglary offense for which the term of imprisonment [is] at least one year." Id.

Perez's prior offense falls squarely within this definition. He was convicted of theft, and the term of imprisonment (the disputed issue at sentencing) was determined by the Court to be at least one year.

For the foregoing reasons, the 8-level aggravated felony enhancement was properly applied to Perez's offense level, even though his theft offense involved less than $10,000. Put differently, even if counsel had raised the argument Perez is claiming now at sentencing, it would not have changed the outcome of his sentencing. Accordingly, Perez has wholly failed to establish his ineffective assistance claim. See United States v. Kimler, 167 F.3d 889, 893 (5th Cir. 1999) ("An attorney's failure to raise a meritless argument ... cannot form the basis of a successful ineffective assistance of counsel claim because the result of the proceeding would not have been different had the attorney raised the issue."). His § 2255 motion is therefore DENIED.

## C.      Certificate of Appealability

An appeal may not be taken to the court of appeals from a final order in a habeas corpus proceeding "unless a circuit justice or judge issues a certificate of appealability." 28 U.S.C. § 2253(c)(1)(A). Although Perez has not yet filed a notice of appeal, this Court

7

nonetheless addresses whether he would be entitled to a COA.  See Alexander v. Johnson, 211 F.3d 895, 898 (5th Cir. 2000) (a district court may *sua sponte* rule on a COA because "the district court that denies a petitioner relief is in the best position to determine whether the petitioner has made a substantial showing of a denial of a constitutional right on the issues before that court. Further briefing and argument on the very issues the court has just ruled on would be repetitious.").

A COA "may issue...only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).  "The COA determination under § 2253(c) requires an overview of the claims in the habeas petition and a general assessment of their merits."  Miller-El v. Cockrell, 537 U.S. 322, 336 (2003).  To warrant a grant of the certificate as to claims denied on their merits, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Slack v. McDaniel, 529 U.S. 473, 484 (2000).  This standard requires a § 2255 movant to demonstrate that reasonable jurists could debate whether the motion should have been resolved differently, or that the issues presented deserved encouragement to proceed further.  United States v. Jones, 287 F.3d 325, 329 (5th Cir. 2002) (relying upon Slack, 529 U.S. at 483-84).

The Court concludes that reasonable jurists could not debate the denial of Perez's § 2255 motion on substantive grounds nor find that the issue presented is adequate to deserve

encouragement to proceed. Miller-El, 537 U.S. at 327 (citing Slack, 529 U.S. at 484). Accordingly, Perez is not entitled to a COA as to his sole claim.

## IV. CONCLUSION

For the aforementioned reasons, Perez's motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 (D.E. 35) is DENIED. Additionally, Perez is DENIED a Certificate of Appealability.

It is so ORDERED this 3rd day of July, 2009.

_____
HAYDEN HEAD
CHIEF JUDGE